**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5114

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH LEVI PLUMBER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:04-cr-00024-WLO)

Submitted:  July 25, 2007          Decided:  August 15, 2007

Before WILKINSON, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Paul Alexander Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Levi Plumber appeals a district court judgment revoking his supervised release and sentencing him to twenty-one months' imprisonment. On appeal, Plumber's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming there are no meritorious issues on appeal, but stating that Plumber has directed him to raise the issue of whether the sentence imposed was unreasonable and in violation of United States v. Booker, 543 U.S. 220 (2005). Plumber was given notice of his right to file a pro se supplemental brief, but did not do so. Finding no error, we affirm.

This Court reviews a district court's revocation of supervised release and a sentence imposed after a revocation of supervised release for an abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C.A. § 3583(e)(3) (2000); Johnson v. United States, 529 U.S. 694, 700 (2000). After thoroughly reviewing the record, we find the district court did not abuse its discretion by revoking Plumber's supervised release.

This Court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006), cert. denied,

127 S. Ct. 1813 (2007). Although the district court must consider the Chapter 7 policy statements and the requirements of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and 18 U.S.C.A. § 3583 (West 2000 & Supp. 2007), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted); United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (stating that district court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record").

Here, the advisory guideline range for Plumber's violation was eight to fourteen months based upon his Grade B violation. U.S. Sentencing Guidelines Manual § 7B1.4. Because Plumber was originally convicted of class C felonies, the statutory maximum sentence that could be imposed upon revocation of supervised release was twenty-four months. 18 U.S.C. § 3583(e)(3). Here, the district court stated its reasoning, and imposed the twenty-one month sentence that Plumber requested. See United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007) (upholding sentence above Chapter 7 range and stating that the Court "cannot, and will not, hold that it is unreasonable for a sentencing court to take account not only the severity of the violations, but also

their number, in fashioning a revocation sentence"). We find the sentence is not plainly unreasonable.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>